**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHURCHILL DOWNS TECHNOLOGY INITIATIVES COMPANY (d/b/a/ TwinSpires),<br><br>        Plaintiff,<br><br>    v.<br><br>MICHIGAN GAMING CONTROL BOARD; HENRY L. WILLIAMS, JR., in his official capacity as Executive Director of the Michigan Gaming Control Board; DANA NESSEL, in her official capacity as Attorney General of the State of Michigan,<br><br>        Defendants. | Case No. 1:25-cv-00047<br><br>Hon. Hala Y. Jarbou |

## NOTICE OF RELATED CASE

Plaintiff Churchill Downs Technology Initiatives Company ("TwinSpires") respectfully submits this notice of related case to inform this Court of a related lawsuit filed by Defendant Henry L. Williams, the Executive Director of the Michigan Gaming Control Board on January 17, 2025. That lawsuit is *Williams v. Churchill Downs Technology Initiatives Company*, No. 2:25-cv-10191, now pending in the U.S. District Court for the Eastern District of Michigan. In the interest of judicial economy, consistency, and convenience for all involved in the disputes between TwinSpires and Defendants, TwinSpires plans to promptly request transfer of *Williams* to this District, for consolidation with this first-filed lawsuit.

*Williams* arises out of the same Licensing Requirements at issue in TwinSpires's Complaint and pending Motion for Preliminary Injunction. After TwinSpires filed its Complaint in this Court on January 12, 2025, TwinSpires promptly notified Defendants it planned to seek expedited relief

on its request for a preliminary injunction. *See* ECF No. 9-2 at 3. Defendants declined to discuss the briefing schedule at that time. *Id.* The next day, TwinSpires contacted Defendants again to see if a schedule could be agreed upon. *Id.* at 2. Claiming that they were too busy preparing a response to TwinSpires's filings, Defendants stated they lacked the "time to research" the scheduling request, "to engage in discussions, or to turn away [their] attention from those filings and focus on a stipulation." *See* ECF 9-2 at 2. Defendants further represented that responding to TwinSpires's filings "require[d] [their] immediate and complete attention this week." *Id.* On the morning of January 17, 2025, counsel for TwinSpires again reached out to Defendants in an attempt to confer on a briefing schedule, but Defendants did not respond. *See* ECF 9-3 at 2. TwinSpires thus filed an Emergency Motion To Expedite Briefing the morning of January 17, 2025. *See* ECF 9. TwinSpires also promptly filed its Motion for a Preliminary Injunction later that. day. *See* ECF 11.

While Defendants responded to TwinSpires's motion to expedite briefing on January 17, 2025, Defendants did not disclose to either TwinSpires or this Court that the very same day, an *ex parte* motion for a temporary restraining order was filed by the Executive Director in Wayne County Circuit Court. *See* Notice of Removal, *Williams v. Churchill Downs Technology Initiatives Company*, No. 2:25-cv-10191 (E.D. Mich. Jan 21, 2025). (attached hereto as **Exhibit 1**).

In the evening of January 17, 2025, TwinSpires discovered the *ex parte* filing on the public docket and that the Executive Director had asked the state court to restrain TwinSpires—without notice—from offering its platform in Michigan to Michiganders. The Executive Director in *Williams* seeks the opposite relief sought by TwinSpires in this case. In his verified complaint, the Executive Director expressed his concern that TwinSpires had sought relief in this federal court and noted the possibility that a decision by this Court could render his TRO request "moot." Ex. 1, pp. 17–18, ¶¶ 24–25. Recognizing the unique federal interest in the Interstate Horseracing Act

of 1978 and its displacement of state law causes of action, TwinSpires removed the Executive Director's Wayne County Circuit Court case to the Eastern District.

TwinSpires anticipates promptly seeking transfer of *Williams* to this Court because the Executive Director's lawsuit concerns the same parties and overlapping legal issues. If TwinSpires's anticipated motion to transfer is granted by the Eastern District, this Court can direct that the Executive Director's temporary restraining order be briefed on the same schedule as TwinSpires's preliminary injunction. *See* ECF 12 (setting expedited briefing schedule).

January 22, 2025

Respectfully submitted,

/s/Derek J. Linkous
Patrick G. Seyferth (P47575)
Derek J. Linkous (P82268)
**BUSH SEYFERTH PLLC**
100 West Big Beaver, Suite 400
Troy, MI 48084
(248) 822-7800
seyferth@bsplaw.com
linkous@bsplaw.com

Thomas H. Dupree, Jr.*
John W. Tienken*
**GIBSON, DUNN & CRUTCHER LLP**
1700 M St N.W.
Washington, DC 20036
202-955-8500
TDupree@gibsondunn.com
JTienken@gibsondunn.com

Christine Demana*
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Ave., Ste. 2100
Dallas, TX 75201
214-698-3246
CDemana@gibsondunn.com

*Attorneys for Plaintiff*

*\*Application for admission filed*