UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHURCHILL DOWNS TECHNOLOGY INITIATIVES COMPANY (d/b/a TwinSpires), | No. 1:25-cv-00047 |
| Plaintiff, | HON. HALA Y. JARBOU |
| v | MAG. MAARTEN VERMAAT |
| MICHIGAN GAMING CONTROL BOARD; HENRY L. WILLIAMS, JR., in his official capacity as Executive Director of the Michigan Gaming Control Board; and DANA NESSEL, in her official capacity as Attorney General of the State of Michigan, | **DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AFFIRMATIVE DEFENSES AND CERTIFICATE OF SERVICE** |
| Defendants | |

Patrick G. Seyferth (P47575)
Derek J. Linkous (P82268)
Bush Seyferth, PLLC
Attorneys for Plaintiff
100 West Big Beaver, Ste. 400
Troy, MI 48084
seyferth@bsplaw.com
linkous@bsplaw.com
(248) 822-7800

James P. Kennedy (P80244)
Felepe H. Hall (P59533)
Assistant Attorneys General
Attorneys for Defendants
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway
East Lansing, MI 48823
KennedyJ7@michigan.gov
HallF2@michigan.gov
(517) 241-0210

Gibson, Dunn & Crutcher, LLP
Attorneys for Plaintiff

Thomas H. Dupree, Jr.*
John W. Tienken*
1700 M St N.W.
Washington, DC 20036
TDupree@gibsondunn.com
JTienken@gibsondunn.com
(202) 955-8500

Christine Demana*
2001 Ross Ave., Ste. 2100
Dallas, TX 75201
CDemana@gibsondunn.com
(214) 698-3246

/

## DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AFFIRMATIVE DEFENSES AND CERTIFICATE OF SERVICE

NOW COME Defendants Henry Williams, Executive Director of the Michigan Gaming Control Board, and Dana Nessel, Attorney General of the State of Michigan (Defendants), by and through their attorneys, James P. Kennedy and Felepe H. Hall, Assistant Attorneys General, and state as follows in answer to the complaint of Churchill Downs Technology Initiatives Company's (Plaintiff).

### INTRODUCTION

1. Defendants admit that Plaintiff's lawsuit challenges Michigan's laws governing who may offer pari-mutuel wagering to persons in Michigan. Defendants also admit that Plaintiff held a Michigan third-party facilitator license from 2020 to 2025. Regarding Plaintiff's allegations about the Interstate Horseracing Act of 1978 (IHA), 15 U.S.C. § 3001 et seq., the law speaks for itself, and Defendants deny any characterization of the IHA that is inconsistent with its plain language. Defendants deny that Plaintiff is operating consistent with the IHA by offering pari-mutuel wagers to persons in Michigan, while its Michigan third-party facilitator license is suspended and further deny as untrue the remaining allegations in this paragraph.

2. No response is required because this paragraph contains a legal conclusion. To the extent a response is required, the IHA speaks for itself, and Defendants deny any characterization of the IHA that is inconsistent with its plain language. Defendants also deny that the Michigan Horse Racing Law of 1995,

Mich. Comp. Laws §§ 431.301 – 431.336 (MHRL), violates the Supremacy Clause; and further deny as untrue the remaining allegations in this paragraph.

3. No response is required because this paragraph contains a legal conclusion. To the extent a response is required, Defendants admit the Supreme Court case cited contains the quoted language; Defendants deny that the MHRL violates the Interstate Commerce Clause or the Dormant Commerce Clause; and further deny as untrue the remaining allegations in this paragraph.

4. Defendants admit that Plaintiff seeks declaratory & injunctive relief but deny that Plaintiff is entitled to such relief. Defendants admit that Plaintiff held a Michigan third-party facilitator license from 2020 to 2025. Defendants admit that Plaintiff's license was recently suspended. Defendants deny as untrue the remaining allegations in this paragraph.

## PARTIES

5. Defendants admit Plaintiff is a Delaware corporation, and a subsidiary of Churchill Downs, Incorporated, which holds an Oregon multi-jurisdictional simulcasting and interactive wagering hub license. Defendants deny as untrue, Plaintiff's allegation that it accepts wagers from people in Michigan at its wagering hub in Oregon. Further, to the extent Plaintiff alleges its Oregon license is sufficient to authorize it to offer pari-mutuel wagering to persons in Michigan, Defendants deny this allegation as untrue.

6. No response to this paragraph is required because the Michigan Gaming Control Board (MGCB) is no longer a defendant in this lawsuit. To the

extent a response is required, Defendants admit that the MGCB maintains an office but deny that it is at the listed location, and deny as untrue all the remaining allegations in this paragraph.

7. Defendants admit that Henry L. Williams, Jr. is the Executive Director of the Michigan Gaming Control Board. As to the remaining allegations in this paragraph, the MHRL speaks for itself, and Defendants deny any characterization of the MHRL that is inconsistent with its plain language.

8. Defendants admit that Dana Nessel is the Attorney General of Michigan. As to the remaining allegations in this paragraph, Mich. Comp. Laws §§ 14.28 & 14.30 speak for themselves, and Defendants deny any characterization of these laws that are inconsistent with their plain language.

## JURISDICTION AND VENUE

9. Defendants deny as untrue the allegations in this paragraph.

10. Defendants deny as untrue the allegations in this paragraph.

11. Defendants admit that Plaintiff seeks declaratory relief but deny that Plaintiff is entitled to such relief.

12. Defendants admit that Plaintiff seeks injunctive relief but deny that Plaintiff is entitled to such relief.

13. Defendants admit.

## FACTS

14.     Defendants admit that Plaintiff operates a wagering platform for horseracing in the United States.  Defendants lack sufficient information or knowledge to form a belief about the remaining allegations in this paragraph.

15.     Defendants admit that Plaintiff holds a multi-jurisdictional simulcasting and interactive wagering hub license in the State of Oregon.  To the extent Plaintiff alleges its Oregon license is sufficient to authorize it to offer pari-mutuel wagering to persons throughout the United States, Defendants deny this allegation because it is not true.  Defendants lack sufficient information or knowledge to form a belief about the remaining allegations in this paragraph.

16.     Defendants admit.

17.     Defendants admit.

18.     No response is required because this paragraph contains a legal conclusion.  To the extent a response is required, the Interstate Horseracing Act, 15 U.S.C. §§ 3001 – 3007 (IHA), speaks for itself, and Defendants deny any characterization of the IHA that is inconsistent with its plain language.  Defendants admit the IHA was enacted by Congress and signed by President Carter in 1978.

19.     No response is required because this paragraph contains a legal conclusion.  To the extent a response is required, the IHA speaks for itself Defendants deny any characterization of the IHA that is inconsistent with its plain language, and further deny that the IHA provides the exclusive conditions for accepting an interstate off-track wager.

20. No response is required because this paragraph contains a legal conclusion. To the extent a response is required, the IHA speaks for itself, and Defendants deny any characterization of the IHA that is inconsistent with its plain language.

21. Defendants deny as untrue the allegations in this paragraph. The caselaw which Plaintiff cites speaks for itself, and Defendants deny any characterization of the case that is incorrectly applied, inconsistent with its plain language, or otherwise erroneous.

22. Defendants admit that Plaintiff operates a wagering platform for horseracing in the United States. Defendants deny as untrue, Plaintiff's allegation that it has offered pari-mutuel wagering to persons in Michigan in a manner consistent with the IHA since 2007. Defendants lack sufficient information or knowledge to form a belief about the remaining allegations in this paragraph.

23. Defendants deny as untrue Plaintiff's allegation that it has sought and obtained all the relevant consents under the IHA needed to offer interstate off-track wagers to persons in Michigan. Defendants further deny as untrue Plaintiff's allegation that it accepts wagers from people in Michigan at its wagering hub in Oregon. Defendants lack sufficient information or knowledge to form a belief about the remaining allegations in this paragraph.

24. Defendants admit.

25. Regarding the Michigan Horse Racing Law of 1980 and the IHA, these laws speak for themselves. Defendants admit the remaining allegations in this paragraph.

26. Defendants admit that the MHRL was enacted in 1995. Regarding the remaining allegations in this paragraph, the MHRL speaks for itself, and Defendants deny any characterization of the MHRL that is inconsistent with its plain language.

27. Defendants admit.

28. Defendants admit.

29. Defendants lack sufficient information or knowledge to form a belief regarding the allegations in this paragraph.

30. Defendants admit that the MHRL was amended in 2019. Defendants lack sufficient information or knowledge to form a belief regarding the remaining allegations in this paragraph.

31. To the extent Plaintiff alleges that, prior to 2019, it offered pari-mutuel wagering to persons in Michigan in a manner that was consistent with the IHA and/or lawful under Michigan law, Defendants deny this allegation as it is untrue. As to the remaining allegations in this paragraph, the MHRL speaks for itself, and Defendants deny any characterization of the MHRL that is inconsistent with its plain language.

32. The MHRL speaks for itself, and Defendants deny any characterization of the MHRL that is inconsistent with its plain language.

33. Defendants admit that after the MHRL was amended, Plaintiff promptly sought a Michigan third-party facilitator license. Defendants also admit that Plaintiff previously presented an argument, based on the dormant Commerce Clause, that Plaintiff could offer parimutuel wagering to persons in Michigan contrary to Michigan law. Defendants deny as untrue the remaining allegations in this paragraph.

34. Defendants admit.

35. Defendants admit.

36. Defendants admit.

37. Defendants lack sufficient information or knowledge to form a belief regarding the allegations in this paragraph.

38. Defendants lack sufficient information or knowledge to form a belief regarding the remaining allegations in this paragraph

39. Defendants admit that the Executive Director's staff emailed Plaintiff on September 24, 2024. This email, which is already in the record, ECF 11-6, PageID.255, speaks for itself, and Defendants deny as untrue any inconsistent characterizations of the email, and the remaining allegations in this paragraph.

40. Defendants admit that the Executive Director granted Northville Downs a conditional race meeting license on October 30, 2024. The order, which is already in the record, ECF 11-5, PageID.253, speaks for itself, and Defendants deny as untrue any inconsistent characterizations of the Order, and the remaining allegations in this paragraph.

41. The MHRL speaks for itself, and Defendants deny any characterization of the MHRL that is inconsistent with its plain language. Defendants admit Northville Downs shut down operations in Northville in early 2024. Defendants deny the MGCB issues track licenses. Defendants further deny that the Executive Director has not issued a track license to Northville Downs at the time this answer was filed.

42. Defendants admit that the Executive Director sent Plaintiff a letter on December 23, 2024. This letter, which is already in the record, ECF 15-1, PageID.348-354, speaks for itself and Defendants deny as untrue any inconsistent characterizations of this letter, and the remaining allegations in this paragraph.

43. Defendants admit that on December 31, 2024, Plaintiff responded to the Executive Director's December 23, 2024 letter. This letter, which is already in the record, ECF 11-8, PageID.263, speaks for itself and Defendants deny as untrue any inconsistent characterizations of this letter, and the remaining allegations in this paragraph.

44. Defendants incorporate by reference their answer to paragraph 43 above.

45. Defendants admit that on January 3, 2025, the Executive Director's office responded to Plaintiff's December 31, 2024 letter. This letter, which is already in the record, ECF 11-9, PageID.269-270, speaks for itself and Defendants deny as untrue any inconsistent characterizations of this letter, and the remaining allegations in this paragraph.

46. Defendants admit that on January 6, 2025, Defendants spoke with Plaintiff and requested that Plaintiff comply with Michigan law. Defendants also admit that the Executive Director summarily suspended Plaintiff's third-party facilitator license on January 7, 2025. Defendants deny as untrue Plaintiff's allegation that it is in "continuous and ongoing compliance with the IHA," and further deny as untrue the remaining allegations in this paragraph.

47. Defendants deny that the IHA permits Plaintiff to continue operating and accepting pari-mutuel wagers from people in Michigan, contrary to Michigan law. Defendants admit the remaining allegations of this paragraph.

48. Defendants deny as untrue the allegations in this paragraph. The caselaw which Plaintiff cites speaks for itself, and Defendants deny any characterization of the case that is incorrectly applied, inconsistent with its plain language, or otherwise erroneous.

49. Defendants deny as untrue the allegations in this paragraph. The caselaw which Plaintiff cites and the MHRL speak for themselves,

50. Defendants deny as untrue the allegations in this paragraph.

## COUNT I

### (Supremacy Clause)

51. Defendants incorporate by reference their answers to paragraphs 1 through 50 herein.

52. The Supremacy Clause speaks for itself, and Defendants deny any characterization that is inconsistent with its plain language.

53. The IHA speaks for itself, and Defendants deny any characterization that is inconsistent with its plain language. Defendants deny that the IHA occupies the field of interstate wagering on horseracing. Defendants also deny that the IHA is the exclusive source for regulation of interstate horseracing wagers.

54. No response is required because this paragraph contains a legal conclusion. To the extent a response is required, the IHA speaks for itself, and Defendants deny any characterization that is inconsistent with its plain language; further Defendants deny that the IHA provides detailed and comprehensive provisions governing interstate off-track wagers, and that the IHA leaves no room for supplementation by state regulation.

55. No response is required because this paragraph contains a legal conclusion. To the extent a response is required, the IHA speaks for itself, and Defendants deny any characterization that is inconsistent with its plain language; and further deny as untrue the remaining allegations in this paragraph.

56. No response is required because this paragraph contains a legal conclusion. To the extent a response is required, the Supremacy Clause and the IHA speak for themselves, and Defendants deny any characterization that is inconsistent with their plain language; further, Defendants deny that the licensing requirements of the MHRL conflict with the IHA.

57. No response is required because this paragraph contains a legal conclusion. To the extent a response is required, the Supremacy Clause and the IHA speak for themselves, and Defendants deny any characterization that is

inconsistent with their plain language; further, Defendants deny that the IHA preempts the licensing requirements of the MHRL, and that the Supremacy Clause does not permit Michigan to enforce the licensing requirements of the MHRL.

## COUNT II

### (Interstate Commerce Clause)

58. Defendants incorporate by reference their answers to paragraphs 1 through 57 herein.

59. No response is necessary because Count II of Plaintiff's Complaint was dismissed.

60. No response is necessary because Count II of Plaintiff's Complaint was dismissed.

61. No response is necessary because Count II of Plaintiff's Complaint was dismissed.

62. No response is necessary because Count II of Plaintiff's Complaint was dismissed.

63. No response is necessary because Count II of Plaintiff's Complaint was dismissed.

### RELIEF REQUESTED

The Defendants respectfully request that this Court reject Plaintiff's claims, dismiss the remaining claims in the Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

The Defendants assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8(c):

1. Plaintiff lacks standing to sue for an alleged violation of the IHA.

2. Plaintiff's complaint is expressly barred by the IHA.

3. Some or all of Plaintiff's claims may be barred by governmental immunity, qualified immunity, quasi-judicial immunity, prosecutorial immunity, or other immunity granted by law.

4. The Eleventh Amendment bars some or all of Plaintiff's official-capacity claims.

5. Plaintiff has failed to state a claim upon which relief may be granted or that any of Defendants' actions violated or deprived Plaintiff of its constitutional or federal rights, because the IHA does not occupy the field of interstate off-track wagering, and because there is no conflict between the IHA and the MHRL.

6. Plaintiff's claim may be barred by the doctrine of illegality—specifically Plaintiff seeks an injunction so that it can continue to engage in conduct which is illegal under both Federal and state law.

7. Plaintiff's claim may be barred by the doctrines of wrongful conduct and unclean hands.  Specifically, Plaintiff seeks equitable relief while itself engaging in conduct that is unlawful under both Federal and state law.

8. Plaintiff's claim may be barred by the doctrines of waiver and/or estoppel.  Specifically, Plaintiff had prior knowledge of, and chose not to comply

with, the licensing requirements of the MHRL before it decided to solicit wagers from people in Michigan.

9. Plaintiff's claim may be barred by the doctrine of release. Specifically, when it applied for a third-party facilitator license Plaintiff voluntarily agreed "that it will not accept pari-mutuel wagers on the results of live or simulcast horse racing from a person within the State of Michigan without a Third-Party Facilitator License." ECF 15-3, PageID # 363.

10. Plaintiff's claim may be barred by the doctrine of laches. Specifically, Plaintiff delayed in bringing this action despite knowing Michigan's long-standing restrictions and regulatory requirements, prejudicing the Defendants.

11. The Defendants reserve the right to raise further defenses or assert other matters revealed by continuing investigation and discovery, including all defenses available under Federal Rules of Civil Procedure 12 and 56, upon the completion of discovery, if the Court requires it, and as the Court permits.

Respectfully submitted,

/s/ James P. Kennedy

James P. Kennedy (P80244)
Felepe H. Hall (P59533)
Assistant Attorneys General
Attorney for Defendants
MI Department of Attorney General
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823
(517) 241-0210
KennedyJ7@michigan.gov

Dated: May 29, 2025                    HallF2@michigan.gov

## CERTIFICATE Of SERVICE

      I hereby certify that on May 29, 2025, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

      /s/ James P. Kennedy

      James P. Kennedy (P80244)
      Felepe H. Hall (P59533)
      Assistant Attorneys General
      Attorney for Defendants
      Alcohol & Gambling Enforcement Div.
      2860 Eyde Parkway
      East Lansing, MI 48823
      (517) 241-0210
      KennedyJ7@michigan.gov
      HallF2@michigan.gov