UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHURCHILL DOWNS TECHNOLOGY
INITIATIVES COMPANY,

    Plaintiff,

v.

MICHIGAN GAMING CONTROL
BOARD, et al.,

    Defendants.
_____/

Case No. 1:25-cv-47

Hon. Hala Y. Jarbou

# ORDER

    This case is about Michigan's ability to regulate betting on horse races. Plaintiff Churchill Downs Technology Initiatives Company ("Twinspires") challenges a licensing requirement in the Michigan Horse Racing Law that obligates it to partner with in-state institutions before it can facilitate horse racing bets. *See* Mich. Comp. Laws §§ 431.308(1)(d), 431.317(10). Twinspires contends that the licensing requirement is unenforceable because it is preempted by the federal Interstate Horseracing Act, 15 U.S.C. §§ 3001–3007. This Court previously issued a preliminary injunction against enforcement of the licensing provision against Twinspires (ECF No. 20), and the Sixth Circuit affirmed the Court's injunction (ECF No. 62). Now before the Court are the parties' cross-motions for summary judgment (ECF Nos. 56, 57). As explained below, the Sixth Circuit's reasoning for affirming the preliminary injunction also warrants granting summary judgment to Twinspires. Thus, the Court will convert its preliminary injunction into a permanent injunction and enter final judgment in this case.

    The relevant facts of this case are detailed in prior opinions from this Court and the Sixth Circuit. In brief, Twinspires runs an online platform that facilitates "pari-mutuel" wagers—i.e.,

wagers between users—on horse races.  Under the Michigan Horse Racing Law (the "MHRL"), the facilitation of horse racing wagers requires a license from the Michigan Gaming Control Board (the "MGCB").  The MGCB suspended Twinspires' license because it had violated provisions of the MHRL that required it to partner with an in-state racetrack.  Twinspires subsequently brought this lawsuit, arguing that the MHRL's licensing requirement is preempted by the Interstate Horseracing Act ("IHA"), 15 U.S.C. §§ 3001–3007.  On February 19, 2025, this Court preliminarily enjoined enforcement of the licensing requirement against Twinspires.

Defendants appealed, and on December 16, 2025, the Sixth Circuit affirmed this Court's preliminary injunction.  *Churchill Downs Tech. Initiatives Co. v. Mich. Gaming Control Bd.*, No. 25-1235, --- F.4th ---, 2025 WL 3637925 (6th Cir. Dec. 16, 2025).  The Sixth Circuit held that Twinspires was likely to succeed in its argument that enforcement of the MHRL's licensing requirement is barred by conflict preemption.  *Id.* at *3.  The MHRL requires that a facilitator of bets obtain a license from the state in which the bets are placed (i.e. Michigan), whereas the IHA only requires consent from "the host racing association (which conducts the horserace), the host racing commission (the regulator in the horseracing state), and the offtrack racing commission (the regulator in the state where the wager is accepted)."  *Id.* at *2 (footnote omitted) (citing 15 U.S.C. §§ 3002(6), (9)–(11), 3004(a)).  The Sixth Circuit held that this licensing requirement conflicts with the methods chosen by Congress to achieve the IHA's objectives because the requirement provides Michigan with veto power over a facilitator's activities in a manner that was not contemplated by the IHA.  Furthermore, the Sixth Circuit held that the licensing requirement "targets the federal scheme by bolting on an additional consent for wager acceptances."  *Id.* at *5.  For these reasons, it held that the licensing requirement is preempted by the IHA and thus unenforceable.  The Sixth Circuit also held that Twinspires was entitled to preliminary relief

2

because it would face irreparable injury in the absence of an injunction and because an injunction would be in the public interest. *Id.* at *8–9.

Summary judgment is appropriate "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Here there are no relevant disputed facts, so the resolution of the motions for summary judgment is dictated by the Sixth Circuit's legal reasoning. As to Twinspires's request for a permanent injunction, the factors that the Court must consider essentially overlap with the preliminary injunction factors addressed by the Sixth Circuit. *See Am. C.L. Union of Ky. v. McCreary County*, 607 F.3d 439, 445 (6th Cir. 2010). Twinspires "is entitled to a permanent injunction [because] it can establish that it suffered a constitutional violation and will suffer continuing irreparable injury for which there is no adequate remedy at law." *Id.* (quotation marks omitted).

Accordingly,

**IT IS ORDERED** that Twinspires's motion for summary judgment (ECF No. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 56) is **DENIED**.

A judgment will issue in accordance with this order.

Dated: January 6, 2026                                    /s/ Hala Y. Jarbou
                                                                                     HALA Y. JARBOU
                                                                                     CHIEF UNITED STATES DISTRICT JUDGE